```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


BILLY NORRIS AND              )
SANDRA NORRIS,                )
                              )
     Plaintiffs,              )
                              )
          v.                  )    1:08cv273 (JCC)
                              )
THE BOEING COMPANY AND        )
PENSION VALUE PLAN FOR        )
EMPLOYEES OF THE BOEING CO.,  )
                              )
     Defendants.              )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. For the following reasons, this Motion will be granted.

### **I. Background**

This case arises out of a pension benefits plan. Plaintiff Billy Norris ("Mr. Norris") was employed by Defendant The Boeing Company ("Boeing"), and participated in a pension plan administered by Defendant Pension Value Plan for Employees of The Boeing Company (the "PVP"). PVP's Claim and Appeal Procedure, establishing procedures for initiating a formal claim and appealing denied benefits, is included in the Summary Plan Description (the "Plan").

Mr. Norris applied to receive pension benefits in the form of a Surviving Spouse Option. The payments to Mr. Norris

1

and his wife, Plaintiff Sandra Norris ("Mrs. Norris"), began in January, 2007.  In a letter dated February 9, 2007, PVP informed Mr. Norris of a benefits miscalculation that led to his being overpaid for two months, requested repayment of the overpayment, and lowered his subsequent monthly benefits payments.

On May 17, 2007, Plaintiffs' attorney wrote to W. James McNerney, Jr., the Chairman of the Board, President, and Chief Executive Officer of Boeing, claiming breach of contract and/or fraud in inducing Mr. Norris to retire, and demanding the reinstatement of unreduced benefits.  On October 18, 2007, Mr. Norris wrote to the Employee Benefit Plans Committee, at the address given in the Claims and Appeals section of the Plan, requesting a copy of the claim and appeal procedures.

On February 8, 2008, Plaintiffs filed suit in the Circuit Court of Fairfax County alleging that Defendants Boeing and PVP violated ERISA by denying Plaintiffs the rights and benefits they were due under their pension plan.  On March 20, 2008, Defendants removed the case to the Eastern District of Virginia.  On June 23, 2008, Defendants filed a Motion to Dismiss and/or for Remand.  Plaintiffs filed a Memorandum in Opposition on July 7, 2008.  This Motion is currently before the Court.

## II. Standard of Review

Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within

such time as not to delay the trial." Fed. R. Civ. P. 12(c). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 717-718 (E.D. Va. 2000)(citations omitted). To ensure that each litigant receives a full and fair hearing, courts will not grant a Rule 12(c) motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *O'Ryan*, 99 F. Supp. 2d at 718; *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Analysis

Defendants argue that the Complaint should be dismissed because Plaintiffs have failed to exhaust the administrative remedies set forth in the Plan. The Fourth Circuit has held that "the pursuit and exhaustion of internal Plan remedies is an essential prerequisite to judicial review of an ERISA claim for denial of benefits." *Gayle v. UPS*, 401 F.3d 222, 230 (4th Cir. 2005)(citing *Norris v. Citibank, N.A. Disability Plan*, 308 F.3d 880, 884 (8th Cir. 2002); *Makar v. Health Care Corp. of Mid-Atlantic (Carefirst)*, 872 F.2d 80, 82 (4th Cir. 1989)). "An ERISA claimant generally is required to exhaust the administrative remedies provided in his or her employee benefit

3

plan before commencing an ERISA action in federal court." *Hickey v. Digital Equip. Corp.*, 43 F.3d 941, 945 (4th Cir. 1995) (citing *Makar*, 872 F.2d at 82).

On May 17, 2007, Plaintiffs' attorney wrote to Boeing's Chief Executive Officer, outlining his accusation "that Boeing had a 'bait and switch' retirement system." Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss and/or for Remand at 6. Plaintiffs argue that this letter was a claim for benefits, because it provided notice of their complaint, although they admit that it does not conform to the requirements in the "Claim and Appeal Procedure" section of the Plan. Compl. Ex. A at 28. In response to the letter, Plaintiffs received a second copy of the letter informing Mr. Norris of the overpayment and requesting repayment. On October 18, 2007, Mr. Norris requested a copy of the claim and appeal procedures, in accord with the instructions in the "Claim and Appeal Procedure" section of the Plan. *Id*. Plaintiffs claim that they did not receive the documents.

Defendants dispute this claim and state that the documents were sent, but argue that regardless of whether a copy was received, the written request for a copy of the procedures was not in itself sufficient to exhaust the administrative remedies. Instead, Defendants look to the paragraphs in the "Claim and Appeal Procedure" section of the Plan that instruct claimants to send formal claims for benefits to a particular

4

address, list the time period Boeing Pension Operators has to give a response, and lay out instructions regarding an appeal for denial of benefits. *Id.* Plaintiffs did not send a formal claim for benefits to the given address, nor did they write to the address given for appealing a denial of benefits.

Plaintiffs argue that, because they did not receive a copy of the claim and appeal procedures within thirty days of their request, the Plan section entitled "Enforce Your Rights" is implicated. *See id.* at 32. That section gives an example of steps that may be taken by a Plan participant to enforce his or her rights. It states that

> [i]f you [the Plan participant] request a copy of plan documents or the latest annual report from the Plan and do not receive them within 30 days, you may file suit in Federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of the reasons beyond the control of the administrator.

*Id.* However, Plaintiffs' claim in this lawsuit is not for a copy of plan documents or a request that sanctions be imposed on Defendants for failing to provide the documents in a timely matter, but is a single claim to recover benefits under ERISA. Plaintiffs' claim echoes that of the second example given in the "Enforce Your Rights" section, which states that if a participant "ha[s] a claim for benefits which is denied or ignored, in whole

or in part, [the participant] may file a suit in state or Federal court." *Id.* As Plaintiffs have not made a formal claim for benefits in accordance with the procedures clearly laid out in the Plan, no claim can be said to have been denied or ignored so as to give rise to a suit in Federal court.

Since Plaintiffs have not exhausted the administrative procedures available for them, in order for the Court to hear their claim Plaintiffs must make the "'clear and positive' showing of futility required to circumvent the exhaustion requirement." *Hickey*, 43 F.3d at 945 (citing *Makar*, 872 F.2d at 83). Plaintiffs claim that "it would be abusive for the Court to require a claimant to exhaust a process that has proven to be futile [and] was calculated by Defendants to have that effect." Pl.'s Mem. in Opp'n at 20. However, as Plaintiffs have yet to instigate the formal claim process, the Court cannot agree with their assertion that the process has been proven futile.

Plaintiffs have not exhausted the administrative remedies set forth in the Plan and have not made a "clear and positive showing" that such remedies would be futile. Therefore, dismissal without prejudice is appropriate, allowing Plaintiffs to pursue administrative remedies before providing judicial review of their ERISA claim. If, as Plaintiffs fear, Defendants do not conform to ERISA's standards in their review of Plaintiffs' claim, judicial review may become appropriate at that

time.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss and/or for Remand will be granted, and Plaintiffs' Complaint will be dismissed without prejudice.

An appropriate Order will issue.

```
July 14, 2008                              /s/
Alexandria, Virginia                James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE
```